

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTER M. NJUGUNA | |
| Plaintiff, | |
| vs. | CASE NO. |
| JEREMIE SHENEMAN and JTS PROPERTIES, LLC | 3:07CV0225 PS |
| Defendants. | |

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, Juster M. Njuguna, by and through her counsel and co-counsel, Jacqueline Sells Homann and Mary J. Hoeller, states and complains against the Defendants, Jeremie Sheneman and JTS Properties, LLC, as follows:

INTRODUCTION

This action is brought against the Defendants who, it is believed, were involved in a mortgage flipping scheme in central Indiana. The purpose of the illegal scheme or enterprise (as later defined herein) is to artificially inflate real property values in certain debilitated neighborhoods in Indianapolis to extract the largest possible loan amounts from mortgage lenders and to ultimately abscond with as much of the loan proceeds as possible -- leaving behind unsuspecting consumers and lenders as victims. The scheme required the participation of a number of real estate professionals, e.g. real estate broker, mortgage broker, and appraiser, among others, in soliciting straw sellers and buyers to sell and purchase properties which had been sold in a series of sham transactions.

This action by Njuguna is to redress the damages caused by Defendants regarding her purchase of seven (7) pieces of real property located in Marion County Indianapolis, Indiana as follows:

| | | |
|---|---|---|
| 1133 Elder St. | 1439 Udell St. | 2016 N. Dexter |
| 1041 Udell | 45 N. Sherman | 937-939 Ewing |
| 1420 Sharon | | |

All collectively referred to hereinafter as "the Properties."

## JURISDICTION AND VENUE

1.  This court has jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity among the Plaintiff and the Defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

2.  This action is also brought pursuant to Chapter 96 of Title 18, United States Code, codified at 18 U.S.C. § § 1961 through 1968.

3.  Venue lies in the Northern District of Indiana, pursuant to 28 U.S.C. § 1391.

4.  Pendent jurisdiction is asserted for various ancillary claims under Indiana state consumer protection statutes and at common law.

## PARTIES

5.  At all times pertinent to this Complaint, Plaintiff, Juster M. Njuguna, ("Njuguna") was and is, a resident of Riverside County, California.

6.  At all times pertinent to this Complaint, Jeremie Sheneman (hereinafter referred to as "Sheneman") held himself out as a real estate agent, with his principal place of business at 426 W. 7th Street, Mishawaka, IN 46544, St. Joseph County, Indiana.

7.  At all times pertinent to this Complaint, JTS Properties, LLC is an Indiana limited liability company owned and operated by Sheneman. The registered agent for JTS Properties, LLC is Jeremie Sheneman at 426 W. 7th Street, Mishawaka, IN 46544.

## FACTS

8. In or around Spring 2006, Sheneman, individually or as an agent of JTS Properties, LLC, contacted Njuguna on more than one occasion and informed her of an opportunity to purchase real property in Indianapolis at a bargain price and for investment purposes.

9. At Sheneman's urging, Njuguna called Sheneman and he arranged a meeting with her in Indianapolis to inspect certain properties.

10. Njuguna and Sheneman met in or around Spring, 2006, at which time Sheneman obtained Njuguna's social security number, performed a credit check and told her that, because of her excellent credit history, she could purchase ten investment homes in Indianapolis.

11. Sheneman drove Njuguna around the city of Indianapolis and showed her only the exterior of several homes and did not allow her to record the addresses of any of the properties she observed.

12. Sheneman also represented that he would have the homes repaired and would obtain tenants and manage the property for Njuguna.

13. Within a few days, Sheneman contacted Njuguna and told her that she would receive via the United States Mail, at her address in California, all the paperwork necessary to complete the purchase of properties.

14. Njuguna agreed to purchase the properties for investment purposes based on the representations of Sheneman.

15. On or about May 17, 2006 Njuguna received via hand delivery by a notary all papers necessary for her to purchase the Properties and she completed same. The

notary brought documents to her on several different dates. Upon information and belief the notary had obtained the documents from Sheneman via the United States mail.

16.   Njuguna did not see and was not provided with a copy of the appraisals.

17.   Sometime after closing, Njuguna, not receiving monthly rental income as promised, traveled to Indianapolis to inspect the Properties she now owned. She learned that the Properties she owned were not of the same quality and condition as the properties she was told she was purchasing or had viewed. In fact, upon information and belief, each of the Properties purchased are worth much less than the price paid by Njuguna, were not shown to Njuguna prior to sale and are uninhabitable.

18.   Sheneman intentionally misstated the quality of the Properties, their habitability for tenants and the income Njuguna would have upon purchase of the Properties.

19.   Based on the falsely inflated value stated in the appraisals that Njuguna has never seen, the lenders relied upon and loaned the funds for the purchase of the Properties.

20.   The HUD-1 Settlement Statements, presented to Njuguna contain the following inaccurate statements or misrepresentations:

>   1. Line 103. The Settlement charges credited to borrower in the amount of certain amounts. However, Njuguna had not paid any money toward the purchases;
>
>   2. Line 303. Cash from borrower of certain amounts. However, Njuguna did not tender any money; true and correct page 1 of HUD-1s for 1133 Elder, 2016 North Dexter, 45 North Sherman, 937-939 Ewing are attached hereto as Exhibit "A."

21.   Sheneman knew that at the time of the preparation of the Settlement Statements that they contained false and misleading information.

22. Throughout the process, Njuguna believed that she was purchasing the properties from Sheneman who was going to repair and manage them for her for investment purposes.

23. After the closings on the Properties, Sheneman was to have completed the repairs and was to have obtained paying tenants for Njuguna.

24. After the closing, Njuguna has received notices and information from the City of Indianapolis that the homes are uninhabitable.

25. The representations made by Sheneman and the actions and misrepresentations of each of his co-conspirators to the enterprise (as further defined herein) who are unknown to Njuguna but known to him, regarding the value of the Properties and the condition of the Properties, the status of repairs, and the amount paid by Njuguna at the closing were known or should have been known by Sheneman and his unknown co-conspirators to be false and were made with the intent to deceive and defraud Njuguna into inducing her to purchase the Properties.

26. Njuguna purchased the Properties in reliance upon the fraudulent statements and actions of the Defendants as set forth above.

27. At the time such representations and statements were made, Njuguna relied upon representations and statements made by Defendants all to her detriment. Njuguna did not at any time collude with either of the Defendants or with any of the Defendants, unknown co-conspirators.

28. Njuguna purchased the Properties and became indebted in the amount of approximately $500,000.00.

29.     Because Njuguna was unable to stay current with the mortgage and make repairs to the Properties, the lenders of the various Properties have instituted foreclosure proceedings against Njuguna in late 2006.

30.     Sheneman's and JTS's conduct was oppressive, malicious, intentional and wanton, and these Defendants should be punished for such actions.

COUNT I
VIOLATION OF FEDERAL RICO STATUTES

31.     Njuguna incorporates and realleges the allegations contained in paragraphs one (1) through thirty (30) as if repeated verbatim here.

32.     The Defendants, Sheneman and JTS, along with their unknown co-conspirators intentionally orchestrated and formed an illegal and immoral conspiracy and business enterprise ("Enterprise").  The fundamental goal of the Enterprise and conspiracy was to defraud unsuspecting lenders and unsophisticated consumers, and to induce lenders to loan money to consumers who had excellent credit records to purchase property at inflated appraised values.  Upon information and belief, as part of the scheme, an appraiser, mortgage broker, title company and others conspired with Sheneman and JTS to fabricate fraudulent appraisal reports and closing statements that contained numerous factual misrepresentations designed to materially misrepresent the Properties' market values to lenders and consumers such as Njuguna.  Other documents fabricated, include but are not limited to fraudulent loan applications, purchase agreements, correspondence and financial account statements.  Sheneman and JTS, as conspirators of the Enterprise and the only parties and entity that Njuguna had contact with, made false and misleading statements to Njuguna and lenders.

33. Throughout and in the course of the Enterprise and conspiracy, Defendants continually engaged in acts knowingly and intentionally and with a common purpose, which acts were meant to defraud Njuguna and lenders.

34. In the year 2006 Sheneman and JTS were associated with the Enterprise as described herein and did unlawfully, knowingly, and intentionally conduct and participate, directly and indirectly, in the conduct, management and the operation of the affairs of the aforementioned Enterprise, which was engaged in, and the activities of which affected, interstate commerce, through a pattern of racketeering activity consisting of numerous acts of racketeering in the state of Indiana and elsewhere, indictable under 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), including but not limited to, the acts of racketeering alleged which are incorporated by reference and realleged fully as if repeated verbatim herein, in violation of 18 U.S.C. § 1962(c).

35. At all times pertinent to this Complaint, Sheneman and JTS participated in a civil conspiracy among themselves, and with other unknown persons, the purposes of which were, inter alia, to conceal knowledge, to maintain a market for overvalued properties to serially sell to unsuspecting consumers as financed by mostly out-of-state investors and/or lenders.

36. During the course of the conspiracy, Sheneman and JTS, acting in concert, engaged in numerous concerted acts to further the purposes of the conspiracy, including but not limited to, those acts described herein above.

37. Each and every act of the conspiracy was ratified by Sheneman and JTS and their other unknown co-conspirators who acted as each other's agents in carrying out the conspiracy.

38. As a direct and proximate result of the conduct of the Defendants, Njuguna has suffered compensatory and consequential damages, damage to her credit reputation as a result of the foreclosures, emotional distress and lost wages.

39. Sheneman and JTS are each jointly and severally liable for the torts of the other members of the conspiracy which were committed in the furtherance of the goals of the conspiracy.

WHEREFORE, Plaintiff, Juster Njuguna, prays for judgment against the Defendants, Jeremie Sheneman and JTS Properties, LLC, for all actual and consequential damages in an amount to be determined, punitive damages, pre-judgment and post-judgment interest, attorney fees, costs of this action, and for other just and proper relief in the premises.

## COUNT II
## FRAUD – STATE LAW CLAIM

40. Njuguna incorporates and realleges the allegations contained in paragraphs one (1) through thirty (30) as if repeated verbatim here.

41. Sheneman represented that Njuguna was purchasing Properties that were valuable and rentable and for which she would make a profit. He showed her properties which she agreed to purchase. Sheneman then sold Njuguna other properties that she had not seen and which she had not agreed to purchase.

42. The representations made by Sheneman regarding the condition of the Properties, the fact that he would make repairs and obtain tenants, and the value of the Properties and amounts paid by Njuguna were known by Sheneman to be false and were made with the intent to deceive and defraud Njuguna into inducing her to purchase Properties which Njuguna had not seen and had not agreed to purchase.

43. Njuguna purchased the Properties in reliance upon the fraudulent statements and actions of Sheneman as set forth above.

44. As a direct and proximate result of Sheneman's conduct, Njuguna purchased properties other than the properties she had agreed to purchase at falsely inflated values and became indebted to various lenders in the approximate sum of $500,000.00, not inclusive of interest and out-of-pocket expenditures for repairs. One or both of the Defendants converted to their own personal use a substantial portion of the loan proceeds in these transactions.

45. Sheneman's representations to Njuguna about the condition and value of the Properties and their investment value were material misrepresentations of past or present fact; were false when made; were made knowingly and with reckless ignorance of their falsity to induce Njuguna into relying on the representations for her purchase of the Properties.

46. Njuguna justifiably and reasonably relied on the representations of Sheneman.

47. Sheneman sold to Njuguna properties which she had not seen on her visit to Indianapolis and properties that were in much worse condition and state of disrepair than the ones she had shown a willingness to purchase.

48. As a result of Sheneman's fraudulent misrepresentations, Njuguna has not realized any income that was promised and she is in default on the loans owed to the various lenders.

WHEREFORE, Plaintiff, Juster Njuguna prays for judgment against Defendant, Jeremie Sheneman, for actual and consequential damages in an amount to be determined,

punitive damages, pre-judgment and post-judgment interest, the costs of this action, and for other just and proper relief in the premises.

## COUNT III
### BREACH OF CONTRACT – STATE LAW CLAIM

49. Njuguna incorporates and realleges the allegations contained in paragraphs one (1) through thirty (30) as if repeated verbatim here.

50. Sheneman for himself and JTS Properties, LLC orally represented that upon the closing of the loans he would repair the Properties for the purpose of obtaining the highest rental value for same and as investments for Njuguna and that he would manage the Properties for her.

51. Defendants breached said agreement with Njuguna and failed to repair the Properties, obtain tenants or manage the Properties  For these reasons and as a result of the Properties being uninhabitable, Njuguna has not realized any income that was promised and she is in default on the loans owed to the various lenders.

WHEREFORE, Plaintiff, Juster Njuguna prays for judgment against Defendants, Jeremie Sheneman and JTS Properties, LLC for actual and consequential damages in an amount to be determined, punitive damages, pre-judgment and post-judgment interest, the costs of this action, and for other just and proper relief in the premises.

## COUNT IV
### VIOLATION OF HOME IMPROVEMENT STATUTES – STATE LAW CLAIM

52. Njuguna incorporates and realleges the allegations contained in paragraphs one (1) through thirty (30) as if repeated verbatim here.

53. Njuguna was and is a consumer as defined by the Home Improvement Act provisions found at I. C. 24-5-11-1 et seq.

54.     The sale of the Properties to her by Defendants and the proposed repairs to the Properties to be performed by Defendants is a consumer transaction as found at I. C. 25-5-11-1 et seq.

55.     Defendants were suppliers who regularly engaged in consumer transactions regarding the sale and repair of distressed Properties in Indianapolis. Furthermore, Defendants solicited consumers to purchase such property and for them to repair those Properties for the consumer.

56.     Njuguna gave notice to Sheneman, individually, and on behalf of JTS Properties, LLC, on numerous occasions to repair the Properties as promised but Sheneman and JTS Properties, LLC, never responded to Njuguna in writing nor did they offer to cure make repairs as promised.

57.     Defendants violated the Home Improvement Act in that they failed to provide Njuguna with a written contract as required by this Act. By virtue of this fact, Defendants committed a deceptive act under I.C. 24-5-0.5, and are therefore subject to the penalties under this Act. In addition, Defendants also committed other deceptive acts such as detailing to Njuguna that she would receive a price advantage as to such consumer transaction, failing to provide Njuguna with information about warranties and disclaimers of warranties, and other rights, remedies, and obligations, and that they would make the repairs within a timely manner.

80.     Pursuant to I.C. 24-5.0.5-1 et. seq. Njuguna, may recover treble damages for Defendants' fraudulent and misleading conduct.

81.     The conduct of Defendants violated the duty imposed on them by the above-cited statute to refrain from in engaging in unfair, deceptive, and unconscionable trade practices.  In particular, the knowingly made, fraudulent misrepresentations,

fraudulent omissions, and fraudulent concealment of material facts described above, had the capacity, tendency, or effect of deceiving or misleading Njuguna, and constituted an unfair, deceptive and unconscionable trade practice for which Defendants are subject to tort liability under the above-cited statutes.

WHEREFORE, Plaintiff, Juster Njuguna, prays for judgment against the Defendants, Jeremie Sheneman and JTS Properties, LLC, for actual and consequential damages in an amount to be determined, treble damages, pre-judgment and post-judgment interest, attorney fees, costs of this action, and for other just and proper relief in the premises.

## DEMAND FOR TRIAL BY JURY

The Njuguna demands that the trial of this matter be held before a jury, pursuant to Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Jacqueline Sells Homann (15462-71)
Jones Obenchain, LLP
600 KeyBank Building
202 South Michigan Street
Post Office Box 4577
South Bend, Indiana 46634-4577
Telephone 574-233-1194
Fax: 574-233-8957
Office E-Mail: jsh@jonesobenchain.com

Co-Counsel for Plaintiff:

Mary J. Hoeller
One Indiana Square, Suite 2525
Indianapolis, IN 46204
Telephone 317-633-4002
Fax: 317-633-1499
Office E-Mail: mary@attorneyhoeller.com